In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor.
In re Extension of time in which to file a plan of reorganization.

No. 70–347.

United States District Court, E. D. Pennsylvania.

Dec. 18, 1970.

## OPINION AND ORDER

FULLAM, District Judge.

Section 77(d) of the Bankruptcy Act, 11 U.S.C. § 205(d) requires the debtor to file a plan of reorganization within six months after approval of the filing of the reorganization petition "and not thereafter unless such time is extended by the judge from time to time for cause shown, no single extension at any one time to be for more than six months."

The petition in this case was approved for filing on June 21, 1970, and the initial six months' period will accordingly expire on December 21, 1970.

In view of the magnitude of the debtor's operations, and the extreme complexity of the legal issues and practical considerations involved, it would obviously be unreasonable to expect that a plan of reorganization could have been formulated within the six months' period. Accordingly, it is clear that an extension of time for filing the proposed reorganization plan should now be granted, unless there is present justification for concluding that successful reorganization of the debtor will not be possible. In my judgment, any such conclusion this early in the proceeding would be premature.

By separate order herein, I have directed that the statement presented by the Trustees to the Committee on Commerce of the United States Senate on November 23, 1970 be made a part of this record. On the basis of that report, and the record as a whole, I find that there is sufficiently reasonable likelihood that the debtor's operations can be improved to the point of producing adequate revenue to support a successful reorganization. It must be recognized, however, that the situation is extremely fluid.

On December 10, 1970, by amendment to the Railway Labor Act, Congress deferred for a few more weeks any resumption of strike activity by railroad employees, and imposed an immediate wage increase, leaving open for further negotiations the many other issues between the employers and employees, including future wage levels. One of the side effects of this legislation has been to accelerate the depletion of the debtor's cash, and legislation is now actively under consideration which may enable the debtor to borrow the funds to meet immediate needs. In addition to these major uncertainties, such matters as the impact of "Rail-pax" legislation and the net result of the Trustees' efforts to liquidate the debtor's non-rail assets are not yet fully known. It is clearly not now possible to arrive at accurate predictions as to the success of future operations.

In short, the only conclusion which can be expressed with confidence is that the Court, the Trustees, the debtor, and all interested parties, should be in a better position within the next three months to evaluate the feasibility of a successful reorganization than they are at present. Accordingly, the debtor will be granted an extension of 90 days within which to file a proposed plan of reorganization. Whether further extensions should be granted thereafter will be determined in the light of circumstances then existing.